IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MINNIE MATTHEWS, INDIVIDUALLY AN
ON BEHALF OF THE ESTATE AND
WRONGFUL DEATH BENEFICIARIES OF
LIZZIE PORTER BROWN,                                                    PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 4:08CV118-P-S

SMV PROPERTY HOLDINGS, LLC; ET AL.,                                    DEFENDANTS.

## ORDER OF REMAND

This matter comes before the court upon the plaintiff's motion to remand [18]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

**A. Factual Background**

The plaintiff filed the instant nursing home medical malpractice action in the Circuit Court of Sunflower County, Mississippi on July 31, 2008. The defendants removed the case to federal court on September 12, 2008 asserting that the sole Mississippi-resident defendant, Rita Beachum, was improperly joined merely to defeat federal diversity jurisdiction.

The plaintiff filed the instant motion to remand on October 12, 2008, arguing that the plaintiff's claims against Rita Beachum are valid and the applicable two-year statute of limitations period was tolled until Ms. Brown's death on December 8, 2006 because she was of unsound mind.

The defendants argue in their response that Ms. Brown was not of unsound mind because, though she was diagnosed with Alzheimers, she could still manage her own affairs sufficiently enough to render her capable of knowing she might have a cause of action. Alternatively, the defendants argue that Ms. Brown's step-daughter, Minnie Matthews, acted as her representative during her stay at the subject nursing home and therefore is charged with the knowledge of a

1

possible claim, thereby triggering the two-year statute of limitations period. The defendants argue further that, even if the statute of limitations period is deemed to have been tolled, the Complaint does not specifically state a cause of action against Rita Beachum, the director of nursing.

## B. Improper Joinder Standard

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

**C. Statute of Limitations**

As this is a medical malpractice action, the applicable statute of limitations period is two years "from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered...." Miss. Code Ann. § 15-1-36.

It is undisputed that Rita Beachum ceased her employment with the subject nursing home in July 2004. The defendants argue that the two-year statute of limitations period began to run on the date Ms. Beachum left the employ of the nursing home and did run in July 2006, two years before the plaintiff filed the instant action on July 31, 2008.

The plaintiff argues, however, that § 15-1-36's two-year statute of limitations period was tolled until Ms. Brown's death on December 8, 2006 since she was of unsound mind from the time she was admitted to the subject nursing home in May 2000 for Alzheimer's disease until her death over six years later. For the proposition that the statute of limitations period is tolled for those of unsound mind, the plaintiff cites Mississippi Code Annotated §§ 15-1-36(5) and 15-1-59. The former statute provides:

> If at the time at which the cause of action shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be under the disability of unsoundness of mind, then such person or the person claiming through him may, notwithstanding that the period of time hereinbefore limited shall have expired, commence action on such claim at any time within two (2) years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under the disability, or shall have died, whichever shall have first occurred.

Miss. Code Ann. § 15-1-36(5).

According to the latter statute:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. § 15-1-59.

The defendants argue that Ms. Brown was not of unsound mind within the contemplation of §§ 15-1-36(5) and 15-1-59. That is, they argue that the standard for competency is whether a person can handle the ordinary affairs of life, citing *Shippers Exp. v. Chapman*, 364 So.2d 1097, 1104 (Miss. 1978), and that the facility records indicate that Ms. Brown made decisions on a day-to-day basis about her life including choosing activities, reading her own mail, alerting the nursing staff when she did not feel well, etc. The plaintiff responds that Ms. Brown was admitted with Alzheimer's disease, causing her competency to deteriorate with each year she resided at the facility. Therefore, the plaintiff argues, she was not competent to know whether or not she had a cause of action against the nursing home.

The defendants argue alternatively that even if Ms. Brown were of unsound mind, her step-daughter Minnie Matthews was her representative and was charged with the knowledge of whether Ms. Brown had a claim of medical negligence. The plaintiff counters that Ms. Matthews never officially obtained a conservatorship or guardianship and therefore cannot be charged with that knowledge.

The Fifth Circuit in *Hart, supra*, "cautioned against 'pretrying a case to determine removal jurisdiction,' [and stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199

4

F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246. Thus, the remand standard is decidedly different than that for summary judgment since regarding the latter, the court is only required to view the facts in a light most favorable to the plaintiff, not to affirmatively resolve any contested issues of fact and legal ambiguities in the plaintiff's favor.

After resolving the contested issues of fact regarding whether Ms. Brown was of unsound mind in favor of the plaintiff, the court concludes that the statute of limitations period was in fact tolled pursuant to §§ 15-1-36(5) and 15-1-59.

**D. Merits**

The defendants argue in the alternative that even if the applicable statute of limitations period were tolled and did not bar the plaintiff's case against Rita Beachum, the plaintiff fails to specify any claim against Beachum specifically and instead levies here claims collectively against the "defendants."

As quoted above, the standard in determining improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573. Although it is true that the Complaint does not specifically single out Rita Beachum's allegedly negligent conduct, the term "defendants" includes Ms. Beachum and the allegations as they pertain to Ms. Beachum, if proven, would apply to her during the period she was involved in Ms. Brown's

5

treatment. In other words, the defendants have not demonstrated that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against Ms. Beachum according to the claims articulated in the Complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to remand [18] is **GRANTED**; therefore,

(2) This action is hereby **REMANDED** to the Circuit Court of Sunflower County, Mississippi from whence it came; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 3rd day of December, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE